UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

CHARLES LYNN ROGERS,

        Petitioner,         Case No. 1:07-cv-1196

v.         Honorable Gordon J. Quist

STATE OF MICHIGAN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty in the Wexford County Circuit Court to operating a motor vehicle while intoxicated (OWI), third offense, MICH. COMP. LAWS § 257.625(6)(d)[1]; and resisting and obstructing a police officer, MICH. COMP. LAWS § 750.81d(1). On November 13, 2006, the trial court sentenced Petitioner to consecutive prison terms of two to five years for the OWI conviction and sixteen months to two years for the resisting and obstructing conviction. Petitioner was released on parole on December 1, 2009, but remains under supervision. In his *pro se* petition, Petitioner raises two grounds for relief, as follows:

    I.    The sentence imposed upon Mr. Rogers exceeds the possible maximum prescribed and therefore violates his constitutional rights under the 5th and 14th amendments.

    II.    The reasons stated to support the departure in Mr. Roger[']s sentence are not "substantial and compelling" as defined by law.

---

[1] It is undisputed that Petitioner pleaded guilty to OWI, third offense, but he erroneously indicates the relevant statutory citation as MICH. COMP. LAWS § 257.625(6)(d), which is nonexistent. Rather, it appears that Petitioner was convicted pursuant to MICH. COMP. LAWS § 257.625(1) and (9)(c).

Respondent filed an answer to the petition (docket #12). Upon review and applying the AEDPA standards, I find that Petitioner's grounds are noncognizable state law claims or have no merit. Accordingly, I recommend that the petition be denied.

## Procedural History

### A. Trial Court Proceedings

The state prosecution arose from a traffic stop on July 7, 2006 by deputies of the Wexford County Sheriff's Department. The deputy who approached Petitioner's car could smell the odors of intoxicants. Petitioner was unable to produce a driver's license. The deputy asked Petitioner to step out of the car and obtained Petitioner's consent to search his car. The deputy found one open half pint of vodka and one unopened bottle of vodka. When the deputy informed Petitioner that he was going to be placed under arrest, Petitioner attempted to flee toward some nearby woods. The deputy tackled Petitioner and placed him in hand restraints. After arriving at the Wexford County Jail, Petitioner refused to submit to a breathalyzer and was transported to the hospital where a blood draw was performed by search warrant. The result of the blood test was a .21% blood alcohol level.

At a hearing on October 10, 2006, Petitioner pleaded guilty to OWI, third offense and resisting and obstructing a police officer. (Plea Transcript (P. Tr.), 11-12, docket #15.) In exchange for his plea, the prosecutor dismissed three additional misdemeanor charges and a second habitual offender notice. (P. Tr., 9-10.)

A sentencing hearing was held on November 13, 2006. (Sentencing Transcript, (S. Tr.), docket #16.) The sentencing guideline range for the OWI conviction was twelve to twenty-four months and the guideline range for the resisting and obstructing conviction was two to seventeen

months. (S. Tr., 11.) Under Michigan law, when the upper limit of the applicable guidelines range is eighteen months or less, "the court shall impose an intermediate sanction unless the court states on the record a substantial and compelling reason to sentence the individual to the jurisdiction of the department of corrections." MICH. COMP. LAWS § 769.34(4)(a). An intermediate sanction may include a jail term of twelve months or less, but does not include a prison term. *Id*.; MICH. COMP. LAWS § 769.31(b). The trial court sentenced Petitioner to consecutive prison terms of twenty-four to sixty months for the OWI conviction and sixteen to twenty-four months for the resisting and obstruction conviction. (S. Tr., 13-14.)

The trial court gave the following reasons for departing from the sentencing guidelines on the resisting and obstructing conviction:

> The defendant was committed to the Michigan Department of Corrections for operating while intoxicated third offense out of Osceola County. He was discharged from parole on that case on January 16th, 2005. In August of 2005, the defendant was arrested for aggravated assault, that was reduced down to disorderly. In September of 2005, the defendant was arrested for domestic violence, that was dismissed; and October of 2005, the defendant was lodged on operating while intoxicated third offense, that was reduced to operating while intoxicated second offense with the defendant being sentenced to 300 days jail.
>
> The defendant was released from jail on that offense on July 6th, 2006. The day after his release from jail, the defendant was arrested on the instant offense for operating while intoxicated third offense and resisting and obstructing a police officer. The defendant has ten prior alcohol related convictions along with 20 prior driving without a license convictions so I guess I did add them up -- 21 prior driving without a valid license.
>
> The defendant's prior operating while intoxicated third, in which he received a prison sentence, involved him being in an auto accident with his blood alcohol being .375 percent. The defendant's blood alcohol in this case was .21 percent.
>
> At the time of the instant offense while being taken into custody, the defendant tried to run from the arresting officer with the arresting officer having to tackle the defendant who continued to resist until handcuffs were applied.

It should be noted that the defendant was given bond on the instant offense and after he tested positive for alcohol in a daily PBT, he absconded. Approximately one month after the defendant absconded from his bond, he was picked up by the bonding agency and lodged in Wexford County jail.

Based upon the above information, it is very clear that the defendant is a high risk to continue drinking along with continuing to drive. It's my opinion that he is an extreme high risk to public safety; therefore, a departure from the sentencing guidelines on the resisting and obstructing charge is called for and a prison sentence of 16 to 24 months should be imposed in the Court's opinion.

(S. Tr., 11-13.)

### B. Direct Appeal

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals presenting the same two issues as raised in this application for habeas corpus relief. (See Def.-Appellant's Br. on Appeal, docket #17.) The Michigan Court of Appeals denied Petitioner's application for leave to appeal on March 22, 2007, for lack of merit in the grounds presented. (See Mich. Ct. App. Order, docket #17.) Petitioner filed a pro per application for leave to appeal to the Michigan Supreme Court. Petitioner raised the same two claims raised before and rejected by the Michigan Court of Appeals. By order entered September 24, 2007, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed. (See Mich. Order, docket #18.)

### Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir.

2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

**Discussion**

Petitioner does not allege that his sentences exceeded the statutory maximum for the offenses. Rather, Petitioner contends that the trial court violated his due process rights by imposing a sentence for the resisting and obstructing conviction that exceeded the sentencing guidelines without providing a substantial and compelling reason for departure. Petitioner further argues that the trial court improperly enhanced his sentence based upon facts, i.e., his criminal history, that already were factored into the sentencing guidelines.

Petitioner's claim regarding the trial court's departure from the sentencing guideline range must fail because a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). A Michigan judge's decision in scoring the state guidelines is a pure issue of state law and does not raise a federal question. *See Tironi v. Birkett*, 252 F. App'x 724 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000). Consequently, the trial court's upward departure from sentencing guidelines is not cognizable in federal habeas review. *See Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir.

Nov.19, 1993); *see also Koras v. Robinson*, 123 F. App'x 207, 214 (6th Cir. 2005) (state trial judge's alleged failure to articulate the reasons for enhancing habeas petitioner's sentence, in violation of M.C.R. 6.425 and Michigan case law, did not present a basis for federal habeas corpus relief).

Moreover, even if the Court could consider Petitioner's claim, the trial court clearly articulated a substantial and very compelling reason for departing from the guidelines based upon Petitioner's horrific record of ten previous alcohol-related convictions and twenty-one convictions for driving without a license. As pointed out by the trial court, Petitioner committed the instant offense just one day after being released from a three-hundred-day jail term for a previous OWI conviction that involved a car accident. In light of these facts, it was incumbent upon the trial court to protect the community from Petitioner.

Petitioner also argues that trial court improperly enhanced his sentence based upon information already considered by the sentencing guidelines in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). The Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of *Blakely*. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. Nov. 10, 2009) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007). Therefore, Petitioner's claim is without merit.

**Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied.


Dated: November 29, 2010                              /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).